## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

AMAYA MARIE TOVAR,
aka Bryan Lee Tovar,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 2:23-cv-00067

SHERRI A. YOUNG, *et al.*,

      Defendants.

### PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Plaintiff's Motion for Entry of Default (ECF No. 14), in which Plaintiff requests that default be entered against all defendants for allegedly not timely responding to the complaint. The motion, however, does not seek a default judgment under Rule 55(b) of the Federal Rules of Civil Procedure.

Rule 55(a) of the Federal Rules of Civil Procedure requires that default be entered by the Clerk when "a party against whom a judgment for affirmative relief is sought" has "failed to plead or otherwise defend and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Nonetheless, such obligation to respond to a complaint does not arise unless and until a defendant has been served with process or waived that requirement.

Plaintiff filed a Verified Complaint (ECF No. 1) on January 27, 2023. On February 6, 2023, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs ("Application"). (ECF No. 3). On June 13 2023, the undersigned granted Plaintiff's Application, permitting him to proceed *in forma pauperis* and to pay the applicable filing fee in installments. Pursuant to 28 U.S.C. § 1915(d), because Plaintiff is proceeding *in forma pauperis*, officers of the court are responsible for issuance and service of process.

On July 1, 2023, the West Virginia Department of Health and Human Resources ("WVDHHR"), Sherri A. Young, and Matthew Christiansen, by counsel, waived service of process, setting the deadline for their responsive pleading(s) on September 19, 2023. (ECF No. 11). On September 8, 2023, those defendants filed a Motion to Dismiss in lieu of an Answer. (ECF No. 13). Consequently, they timely responded to the Verified Complaint and are not in default.

Meanwhile, the Court had not yet ordered service of process on the other defendants. By separate order entered this same date, the undersigned has directed that summonses be issued and served on Defendants Phylis Smith, in her official capacity as Cabell County Clerk, and Dr. Kilolo Kijakazi, Acting Commissioner of the Social Security Administration (who has been substituted for former Commissioner Andrew Saul, who was originally named in the Verified Complaint). Thus, Defendants Smith and Kijakazi are also not in default because they have not yet been properly served with process. Because none of the defendants is in default, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Motion for Entry of Default (ECF No. 14) is not warranted and should be denied.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Plaintiff's Motion for Entry of Default (ECF No. 14) and leave this matter referred to the undersigned for additional proceedings. The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to opposing parties and Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff, and to transmit a copy to counsel of record.

November 13, 2023

Dwane L. Tinsley
United States Magistrate Judge

3